UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

SAMUEL LEE SMITH, JR.,

    Plaintiff,

    v.

D. AMERICA and ORANGE
COUNTY SHERIFF
DEPARTMENT,

    Defendants.

Case No. 6:24-cv-975-JSS-RMN

## REPORT AND RECOMMENDATION

Samuel Lee Smith, Jr., proceeding *pro se*, has filed a civil complaint against Officer D. America and the Orange County Sheriff Department (Dkt. 1), and a Motion to Proceed *in forma pauperis* ("IFP Motion," Dkt. 2). Considering the standards the Court must apply and the allegations in the Complaint, I respectfully recommend denying the IFP Motion and dismissing the Complaint with leave to file an amended complaint.

### I.  LEGAL STANDARDS

While reviewing the allegations in the Complaint and the IFP Motion, the Court must consider the standards below.

### A. Subject Matter Jurisdiction Standards

Federal courts have an independent duty to determine whether subject matter jurisdiction exists. *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006). A federal court may have jurisdiction under a specific statutory grant, federal question jurisdiction under 28 U.S.C. § 1331, or diversity jurisdiction under 28 U.S.C. § 1332(a). *Baltin v. Alaron Trading Corp.*, 128 F.3d 1466, 1469 (11th Cir. 1997). Federal question jurisdiction under 28 U.S.C. § 1331 "aris[es] under the Constitution, laws, or treaties of the United States." Federal jurisdiction pursuant to 28 U.S.C. § 1332 exists only when there is complete diversity between the plaintiffs and defendants. *Owen Equip. & Recreation Co. v. Kroger*, 437 U.S. 365, 373 (1978). To achieve "complete diversity," no plaintiff may be a citizen of the same state as any defendant. *Id*.

### B. Pleading Standards

A complaint must state a claim for relief that includes (1) "a short and plain statement of the grounds for the court's jurisdiction," (2) "a short and plain statement of the claim showing that the pleader is entitled to relief," and (3) "a demand for the relief sought[.]" Fed. R. Civ. P. 8(a). Each allegation must be "simple, concise, and direct." Fed. R. Civ. P. 8(d)(1).

A complaint must allege facts, accepted as true, that state a claim "that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). This standard asks for less than a probability but "more than a sheer possibility

that a defendant has acted unlawfully." *Id*. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*.

Complaints that fail to comply with procedural rules "are often disparagingly referred to as 'shotgun pleadings.'" *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1320 (11th Cir. 2015). Examples of shotgun pleadings include a complaint "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action" and a complaint with "multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." *Barmapov v. Amuial*, 986 F.3d 1321, 1324–25 (11th Cir. 2021) (alteration in original). When faced with a shotgun pleading, dismissal may be appropriate. *Weiland*, 792 F.3d at 1320.

### C. Liberal Construction Standards

A court must construe a pleading drafted by a pro se litigant liberally and hold the pleading to a less stringent standard than one drafted by a lawyer. *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998). Liberal construction does not mean forgiving noncompliance with procedural rules. *McNeil v. United States*, 508 U.S. 106, 113 (1993).

**D.     In Forma Pauperis Standards**

A court may authorize a plaintiff to initiate a lawsuit without prepaying fees. 28 U.S.C. § 1915(a)(1). While a litigant need not show he is "absolutely destitute," he must show an inability "to pay for the court fees and costs, and to support and provide necessities for himself and his dependents." *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1307 (11th Cir. 2004).

That said, the United States Supreme Court has observed that "a litigant whose filing fees and court costs are assumed by the public . . . lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989). Thus, before a plaintiff may proceed in forma pauperis, a court must review the complaint to determine whether it is "frivolous or malicious," "fails to state a claim upon which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). If the complaint is deficient, the Court is required to dismiss the lawsuit. *Neitzke*, 490 U.S. at 324.

## II.  ANALYSIS

Plaintiff's IFP Motion is due to be denied for two reasons. First, the financial disclosure included in the IFP application is incomplete. Second, Plaintiff has failed to state a claim for which relief can be granted.

### A. Financial Information

When considering an IFP Motion, the Court must assess whether the statements in the IFP application or accompanying declaration satisfy the requirement of poverty. *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1307 (11th Cir. 2004) (quoting *Watson v. Ault*, 525 F.2d 886, 891 (5th Cir. 1976)). The Court does this by comparing the applicant's assets, income, and liabilities. *See, e.g., id.* at 1307–08 (noting that "the district court was unable to compare Martinez's assets with her liabilities in order to determine whether she satisfied the poverty requirement"). The application here states that Plaintiff is unemployed, has unknown annuities in retirement, unknown amounts in his checking accounts, and then has an unknown total of monthly expenses. Dkt. 2 at 1–2, 4–5. Plaintiff did not complete the section in the application that asks for a description of assets owed or any money owed or many of the sections regarding his monthly expenses. *Id.* at 3. Absent this information, the Court cannot determine whether Plaintiff satisfies the poverty requirement. *See Martinez*, 362 F.3d at 1307–08.

For this reason alone, the IFP Motion should be denied without prejudice and Plaintiff should be granted leave to resubmit a fully completed IFP application.

## B.     Failure to State a Claim

In addition to a successful showing that he is indigent, Plaintiff must also file a complaint that states a non-frivolous claim of relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(ii). "Failure to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard as dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6)." *Wilkerson v. H&S, Inc.*, 366 F. App'x 49, 51 (11th Cir. 2010) (citing *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997)).

In the Complaint, Plaintiff brings claims against Defendants for offenses committed during a traffic stop where Defendant America stopped Plaintiff, asked him to step out of his vehicle, performed a pat down, and then a K9 unit came and walked around the vehicle. Dkt. 1 at 4. Plaintiff alleges that the traffic stop violated his rights under the Fourth and Fifth Amendments of the United States Constitution. *Id.* The Court construes Plaintiff's claims as 42 U.S.C. § 1983 claims because Plaintiff appears to be alleging violations of his constitutional rights under the color of state law.

"To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that (1) the defendant deprived him of a right secured under the United States Constitution or federal law and (2) such deprivation occurred under color of state law." *Richardson v. Johnson*, 598 F.3d 734, 737 (11th Cir. 2010) (per curiam) (citations omitted). "More than conclusory and vague allegations are required to state a cause of action under 42 U.S.C. § 1983." *Hannah v. Union*

*Corr. Inst.*, No. 3:12-cv-436, 2012 WL 1413163, at \*1 (M.D. Fla. Apr. 23, 2012) (citing *L.S.T., Inc., v. Crow*, 49 F.3d 679, 684 (11th Cir. 1995) (per curiam); *Fullman v. Graddick*, 739 F.2d 553, 556–57 (11th Cir. 1984)). "[I]n the absence of a federal constitutional deprivation or violation of a federal right, Plaintiff cannot sustain a cause of action against the Defendant under 42 U.S.C. § 1983." *Id.*

"In addition to identifying the constitutional right at issue, a § 1983 complaint must be well-pled. Vague and conclusory allegations lacking factual support cannot support a viable § 1983 cause of action." *Cedeno v. Gee*, No. 8:10-cv-484, 2010 WL 1417273 (M.D. Fla. Apr. 7, 2010). Though Plaintiff tries to allege violations of the Fourth and Fifth Amendments by Defendant America—who as a police officer acts under the color of state law—he does not provide sufficient factual support to establish how those constitutional rights were violated.

The Fourth Amendment guarantees that all individuals "will be secure in their person . . . against unreasonable seizures." U.S. Const. amend. IV. "A traffic stop is a seizure within the meaning of the Fourth Amendment." *Williams v. Miami-Dade Police Dep't*, 297 Fed. App'x 941, 944 (11th Cir. 2008) (unpublished opinion) (citing *Delaware v. Prouse*, 440 U.S. 648, 653 (1979)). To state a claim for a Fourth Amendment violation based on an unconstitutional seizure, Plaintiff "must demonstrate that a seizure occurred and that it was

unreasonable." *Hinds v. Glatthorn*, No. 6:18-cv-1415, 2018 WL 5817278, at *3 (M.D. Fla. Nov. 7, 2018) (quoting *Evans v. Hightower*, 117 F.3d 1318, 1320 (11th Cir. 1997)). The reasonableness of a traffic stop is "determined by the existence of probable cause to believe a traffic violation occurred, not the actual motivation of the officer." *Id.* (citing *Whren v. United States*, 517 U.S. 806, 810-13 (1996)).[1]

Plaintiff has failed to allege facts, when taken as true, demonstrate or suggest Defendant America did not have probable cause to conduct the traffic stop. Plaintiff alleges Defendant America profiled him because of the color of his skin and the traffic stop violated his Fourth and Fifth Amendment rights. Dkt. 1 at 4. But Plaintiff also alleges that Defendant America gave him a citation and that citation is attached to the Complaint. *Id.* at 4, 8. The citation indicates that Plaintiff had a cracked windshield and was directed to pay a certain sum within thirty days. *Id.* at 8. The citation, which is attached to the Complaint, appears to contradict the other allegations in the Complaint.

In *Gill as Next Friend of K.C.R. v. Judd*, 941 F.3d 504 (11th Cir. 2019), the Eleventh Circuit explained how courts should approach allegations that conflict with materials attached to a complaint: "specific over speculative, concrete over conclusory." *Id.* at 514. "[W]hen exhibits attached to a complaint

---

[1] I construe the Fourth Amendment claim in the Complaint as challenging the lawfulness of the initial stop as opposed to its duration.

'contradict the general and conclusory allegations of the pleading, the exhibits govern.'" *Id*. It is only "[w]hen a complaint contains specific, well-pleaded allegations that either do not appear in the attached exhibit or that contradict conclusory statements in the exhibit" will the complaint allegations govern. *Id*.

The Complaint's general and conclusory allegations that the traffic stop "became a Civil Rights violation" and was initiated because of the color of Plaintiff's skin appear to conflict with the citation's reference to a cracked windshield. Without specific factual allegations contradicting the information in the citation, the specific facts in the citation govern over the Complaint's conclusory allegations. *Gill*, 941 F.3d at 514.

Additional factual allegations are needed to state a plausible claim that it was unlawful for Defendant America to ask Plaintiff to step out of the car, pat him down, or have a K9 unit walk around his vehicle. First, the Supreme Court has made clear that a police officer may order the driver and any passengers of a lawfully stopped car to exit the vehicle. *Maryland v. Wilson*, 519 U.S. 408, 411 (1997). Because it appears Defendant America lawfully stopped Plaintiff because of a cracked windshield (Dkt. 1 at 8), it was lawful for her to ask Plaintiff and his passenger to step out of the car. Second, pat downs are lawful during a traffic stop when the officer "has reasonable suspicion or probable cause to believe that the individual is engaged in criminal activity or is armed and dangerous." *Fair v. Mills*, 230 F. Supp. 3d

1305, 1310 (M.D. Fla. 2017). Plaintiff does not explain the circumstances of the pat down and so it is unclear whether Defendant America had a reasonable suspicion or probable cause. More is needed to state a claim for relief. And finally, the Supreme Court has held that canine sniffs do not constitute an unlawful search within the meaning of the Fourth Amendment. *United States v. Holloman*, 113 F.3d 192, 194 (11th Cir. 1997). Thus, Plaintiff has failed to provide enough factual allegations to support a claim under the Fourth Amendment.

So too for Plaintiff's Fifth Amendment claim. The Fifth Amendment provides that "[n]o person shall . . . be compelled in any criminal case to be a witness against himself, nor be deprived of life, liberty, or property, without due process of law; nor shall private property be taken for public use, without just compensation." U.S. Const. amend. V. Plaintiff fails to specify which part of the Fifth Amendment he claims Defendants violated. No allegations in the Complaint point to Plaintiff being compelled to be a witness against himself, a due process violation, or that his private property was taken. Thus, Plaintiff has failed to state a claim under the Fifth Amendment.

In sum, Plaintiff has failed to state a claim for violations of the Fourth and Fifth Amendments under section 1983 based on the traffic stop conducted by Defendant America. As such, I respectfully recommend the Complaint be dismissed without prejudice and Plaintiff be given leave to amend. If Plaintiff

chooses to amend, he should include additional factual allegations surrounding the traffic stop and specifically the circumstances of the pat down.

### III.  CONCLUSION

Accordingly, I respectfully **RECOMMEND**:

1. Plaintiff's Motion to Proceed *in forma pauperis* (Dkt. 2) be **DENIED**;

2. Plaintiff's Complaint (Dkt. 1) be **DISMISSED without prejudice**; and

3. Plaintiff be **GRANTED** leave to file an amended complaint.

### NOTICE TO PARTIES

"Within 14 days after being served with a copy of [a report and recommendation], a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). "A party may respond to another party's objections within 14 days after being served with a copy." *Id*. A party's failure to serve and file specific objections to the proposed findings and recommendations alters review by the district judge and the United States Court of Appeals for the Eleventh Circuit, including waiver of the right to challenge anything to which no objection was made. *See* Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1)(B); 11th Cir. R. 3-1.

**Entered** in Orlando, Florida, on June 11, 2024.

_____
ROBERT M. NORWAY
*United States Magistrate Judge*

- 12 -

Copies to:

Hon. Julie S. Sneed

Samuel Lee Smith, Jr.
16614 South West 99 Court
Miami, Florida 33157