UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

SAMUEL LEE SMITH, JR. ,

    Plaintiff,

v.                                                    Case No: 6:24-cv-975-JSS-RMN

D. AMERICA and ORANGE
COUNTY SHERIFF DEPARTMENT,

    Defendants.
_____/

## ORDER

Plaintiff moves to proceed in forma pauperis in this matter (Dkt. 2) and also moves the court for an order referring his case to the court's Volunteer Attorney Program (Dkt. 3). On June 11, 2024, Magistrate Judge Robert Norway issued a Report and Recommendation recommending that Plaintiff's motion to proceed in forma pauperis be denied and that Plaintiff's Complaint (Dkt.1) be dismissed without prejudice. (Dkt. 5.) Plaintiff has not objected to the Report and Recommendation and the time to do so has passed. Upon consideration, the Report and Recommendation is adopted in full, Plaintiff's motion to proceed in forma pauperis is denied, Plaintiff's Complaint is dismissed without prejudice, and Plaintiff's motion for referral to the Volunteer Attorney Program is denied without prejudice.

After conducting a careful and complete review of the findings and recommendations, a district judge "may accept, reject, or modify, in whole or in part,

the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72. A party must serve and file written objections to such proposed findings and recommendations within 14 days of being served with a copy of the report and recommendation and the failure to timely object "waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions[.]" 28 U.S.C. § 636(b)(1)(C); 11th Cir. R. 3-1. With respect to non-dispositive matters, the district judge "must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a); *see Jordan v. Comm'r, Miss. Dep't of Corr.*, 947 F.3d 1322, 1327 (11th Cir. 2020). For dispositive matters, the district judge must conduct a de novo review of any portion of the report and recommendation to which a timely objection is made. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3); *United States v. Farias-Gonzalez*, 556 F.3d 1181, 1184 n.1 (11th Cir. 2009) ("A district court makes a de novo determination of those portions of a magistrate's report to which objections are filed."). Even in the absence of a specific objection, the district judge reviews any legal conclusions de novo. *See Cooper-Houston v. S. Ry. Co.*, 37 F.3d 603, 604 (11th Cir. 1994); *Ashworth v. Glades Cnty. Bd. of Cnty. Comm'rs*, 379 F. Supp. 3d 1244, 1246 (M.D. Fla. 2019).

Upon conducting a careful and complete review of the Magistrate Judge's findings, conclusions, and recommendations, and giving de novo review to matters of law, the court adopts the Report and Recommendation in full. Additionally, because Plaintiff's motion to proceed in forma pauperis fails to adequately establish his

indigency, Plaintiff's motion for referral to the Volunteer Attorney Program is denied without prejudice.

Accordingly:

1. The Magistrate Judge's Report and Recommendation (Dkt. 5) is **ACCEPTED** and **ADOPTED**.

2. Plaintiff's Motion to Proceed In Forma Pauperis (Dkt. 2) is **DENIED**.

3. Plaintiff's Complaint (Dkt. 1) is **DISMISSED without prejudice**.

4. Plaintiff's Motion for Referral to Volunteer Attorney Program (Dkt. 3) is **DENIED without prejudice**.

5. Plaintiff may file an amended complaint by July 31, 2024. Upon filing the amended complaint, Plaintiff shall either pay the required filing fee or file a new motion seeking leave to proceed in forma pauperis that corrects the deficiencies noted in the Report and Recommendation. Plaintiff may also renew his motion for referral to the Volunteer Attorney Program at that time.

**ORDERED** in Orlando, Florida, on July 1, 2024.

JULIE S. SNEED
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Unrepresented Party